BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CHRISTOPHER D. VIEIRA (CABN 273781)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7301
    FAX: (415) 436-7027
    Email: christopher.vieira@usdoj.gov

Attorneys for United States of America

**FILED**

NOV 16 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00574 |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT MARVIN GUSTAVO BENEGAS-CASTRO |
| v. | |
| MARVIN GUSTAVO BENEGAS-CASTRO, | |
| Defendant. | |

    The defendant, Marvin Gustavo Benegas-Castro, came before the Court on November 9, 2017, for a detention hearing. The defendant was present and represented by his counsel, Assistant Federal Public Defender Grace DiLaura, and assisted by a Spanish-language interpreter. Special Assistant United States Attorney Christopher Vieira represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance at future proceedings. Pretrial Services submitted a report recommending detention on the basis that the defendant is a flight risk.

[PROPOSED] DETENTION ORDER
NO. CR 17-00574

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds on the present record by a preponderance of the evidence that no condition or combination of conditions would assure the defendant's future appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

At the time of his detention hearing, defendant Marvin Gustavo Benegas-Castro was charged in a Complaint with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) — Possession of Heroin with Intent to Distribute.

The Pretrial Services report reflected the following facts:

- The defendant is not a United States citizen.
- The defendant's parents, several siblings, wife, and child live in Honduras.
- The defendant reported having no present employment.
- The defendant has a limited residential history in the Northern District of California.
- The defendant did not have a suitable surety.

[PROPOSED] DETENTION ORDER
NO. CR 17-00574

- The defendant's criminal history report reflects two convictions for violating 8 U.S.C. § 1325 – Illegal Entry into the United States and one conviction for violating 8 U.S.C. § 1326 – Illegal Reentry of a Removed Alien.
- The defendant has previously used ten different aliases and three dates of birth.

The defendant did not proffer that Pretrial Services' reported facts were inaccurate.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required: First, the defendant does not have United States citizenship, he has three prior immigration-related convictions, and he has current ties to Honduras through his wife and child who reside there. Second, the defendant has a limited residential history in the Northern District of California and no current employment. Third, the defendant has previously used ten different aliases and three different dates of birth.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: November 16, 2017

HON. JOSEPH C. SPERO
United States Chief Magistrate Judge

[PROPOSED] DETENTION ORDER
NO. CR 17-00574